U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 23 2016

TONY R. MOORE, CLERK
BY: _____
DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BENJMAIN TILLMAN, Petitioner | CIVIL ACTION NO. 1:16-CV-1304-P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| J.A. BARNHART, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (42 U.S.C. § 2241) filed by pro se Petitioner Benjamin Tillman (#04060-017). Petitioner is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner challenges the legality of his conviction and sentence in the United States District Court for the Northern District of Florida.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Petitioner was convicted of conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846. Petitioner was sentenced to 480 months of imprisonment pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(a), enhanced by Petitioner's prior Florida felony drug offense. See Tillman v. Norwood, No. 07-cv-6306, 2009 WL 1033593, at *1–2 (C.D. Cal. Apr. 15, 2009). The United States Court

of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence. See United States v. Tillman, 138 F.3d 957 (11th Cir. 1998), writ denied, 525 U.S. 899 (1998).

Petitioner filed a motion to vacate, correct, or set aside sentence under 28 U.S.C. § 2255 alleging ineffective assistance of trial counsel and prosecutorial misconduct. (No. 3:96-cr-0058, N.D. Fla., Doc. 178). The District Court denied Petitioner's § 2255 motion and subsequent motion for a certificate of appealability. (No. 3:96-cr-0058; N.D. Fla., Doc. 232). Petitioner filed a second § 2255 motion in the same district court, which was also denied. (No. 3:96-cr-0058; N.D. Fla., Doc. 283).

On May 27, 2003, Petitioner filed a § 2241 petition in the United States District Court for the Eastern District of Texas. (No.: 1:03-cv-00314, E.D. Tex.). The petition was denied for failing to meet the "savings clause" under 28 U.S.C. § 2255 (1:03-cv-00314, E.D. Tex., Doc. 3, 4), and the Fifth Circuit Court of Appeals affirmed. See Tillman v. U.S. Penitentiary, 83 F. App'x 588, 589 (5th Cir. 2003).

Petitioner sought permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. The Eleventh Circuit denied relief. (No. 3:96-cr-0058, N.D. Fla., Doc. 304).

In the § 2241 petition before this Court, Petitioner claims that he meets the savings clause of § 2255 based on the Supreme Court's ruling in McFadden v. United States, 135 S. Ct. 2298 (2015), which held that, to convict a defendant of distribution of controlled substance analogues, the government must prove that the defendant knew the substance was a controlled substance under federal law.

2

## II.   Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113. A § 2241 petition that seeks to challenge the validity of a federal sentence or conviction must be either dismissed or construed as a § 2255 motion by the court. See Pack, 218 F.3d at 452.

3

The savings clause is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. It allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate or ineffective. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit Court of Appeals has identified the limited circumstances under which the savings clause of § 2255 applies. "'[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.'" See Tillman, 83 F. App'x at 589 (quoting Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)). Only the Supreme Court can render a new rule retroactively applicable to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 662–63 (2001).

Petitioner claims he is entitled to proceed under the savings clause based on McFadden. However, McFadden was a direct appeal, and the Supreme Court has not made the case retroactively applicable to cases on collateral review. Therefore, Petitioner cannot meet the requirements of the savings clause.

4

III.   <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2241 petition be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 23rd day of September, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

5